IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IRENE MILLS,

    Plaintiff,

v.                                    Civil Action No. 5:13CV57
                                                (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Elisha Schartiger, filed an application for Supplemental Security Income ("SSI") under Title II of the Social Security Act. In the application, the plaintiff alleged disability since November 1, 2006 due to cervical degenerative disc disease, chronic pain syndrome, asthma/chronic obstructive pulmonary disorder ("COPD"), borderline IQ, anxiety disorder, and alcohol abuse. This was the plaintiff's second application, the plaintiff had previously been denied benefits in 2010.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held at which the plaintiff was represented by counsel.

At the hearing, the plaintiff testified on her own behalf, as did a vocational expert. The ALJ issued a decision finding that the plaintiff was not disabled under the Social Security Act but instead found that the plaintiff had a Residual Functional Capacity ("RFC") to perform less than a full range of sedentary work. Further, the ALJ found that the plaintiff was unable to perform any past relevant work. However, the ALJ found that there were jobs in the national economy that the plaintiff could perform. Thus, the plaintiff's benefits were again denied. The plaintiff then timely filed an appeal of the decision to the Appeals Council. The Appeals Council denied the plaintiff's request for review.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report and recommendation recommending that the defendant's motion for summary judgment be denied, that the plaintiff's motion for summary judgment be granted in part, and that this action be remanded to the Commissioner for further action. Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they

must file written objections within fourteen days after being served with a copy of the report. The magistrate judge further informed the parties that failure to timely object would result in a waiver of the right to appeal a judgment resulting from the report and recommendation. The defendant did not file objections.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, thus, the plaintiff waived her right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

## III. Discussion

In her motion for summary judgment, the plaintiff points to four points of error that she believes warrant overturning the ALJ's decision, and the defendant has responded to each in turn. First, the plaintiff asserts that the ALJ failed to discuss how the evidence supported her conclusions as to the RFC. In response to this allegation of error, the defendant contends that there was substantial evidence to support the ALJ's RFC assessment.

Next, the plaintiff argues that the ALJ failed to properly evaluate the opinions of the plaintiff's treating physicians. On the other hand, the defendant argues in response that the ALJ's

3

decision to give little weight to the plaintiff's treating physicians was supported by substantial evidence.

Third, the plaintiff claims that the ALJ failed to include any limitation as to the plaintiff's concentration, persistence, or pace in the RFC. Lastly, the plaintiff asserts that the ALJ failed to include any limitations related to the plaintiff's neck and back in the RFC. In rebuttal, the defendant responded that the ALJ fully considered the effect of the plaintiff's symptoms on her concentration, persistence, and pace and any other limitations that may have effected her RFC.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Magistrate Judge Kaull issued a report and recommendation, in which he held that substantial evidence exists to support the ALJ's conclusions as to how the plaintiff's symptoms affect her concentration, persistence, and pace. However, the magistrate judge further held that substantial evidence did not exist to support the ALJ's other contested conclusions.

The magistrate judge first found that the ALJ did consider the plaintiff's symptoms in relation to her concentration, persistence,

4

and pace.  The magistrate judge found that the ALJ considered the previous ALJ's findings[1] and the reports of the consultative psychologists which both considered the plaintiff's concentration, persistence, and pace.  Considering this evidence, the ALJ found that limitations existed but that the plaintiff could still perform simple, repetitive work with a Specific Vocational Preparation ("SVP") of no more than 2.  The magistrate judge found that this was a sufficient application of the evidence.

The magistrate judge next found that the ALJ did not sufficiently articulate reasons for assigning little weight to the plaintiff's treating physicians.  The magistrate judge noted that the ALJ did discuss the consistency of their opinions with the record but did so in a summary fashion without referencing the actual evidence that the opinions were inconsistent with.  Thus, the magistrate judge reasoned that even if the treating physicians' opinions were entitled to little weight, the ALJ did not sufficiently articulate why such weight should not be given.

Further, the magistrate judge found that the ALJ did not sufficiently articulate reasons for assigning "some weight" to two state agency physicians, Dr. Lateef and Dr. Lim.  The ALJ had stated that these physicians considered all of the medical evidence and found that the plaintiff was limited to less than a full range

---

[1]The plaintiff had previously filed an application seeking benefits.  An administrative hearing was held regarding that application in 2010 and the plaintiff's benefits were denied.

of light work.  The magistrate judge, however, found that this was not an accurate finding because the physicians had completed their reviews in December 2011 and February 2012 and the plaintiff continued to receive treatment for back pain after those time periods.  Thus, the magistrate judge found that the ALJ's finding did not permit meaningful judicial review.  As such, based on the ALJ's accordance of weight to the treating physicians versus the two state agency physicians, the magistrate judge found that the ALJ's assessment of the plaintiff's RFC is not supported by substantial evidence.

The magistrate judge next found that the previous finding also supports a finding that the ALJ did not provide a sufficient narrative discussion of how the evidence supported the RFC or sufficiently consider whether the plaintiff's neck and back impairments warranted further limitations in her RFC.  Neither party filed objections to the magistrate judge's report and recommendation.

This Court has reviewed the record, as well as the parties' motions for summary judgment and, for the reasons set forth in the report and recommendation and finding no clear error, concurs with the magistrate judge that the plaintiff's motion for summary judgment should be denied in part and granted in part.  Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The defendant's motion for summary judgment is DENIED, and the plaintiff's motion for summary judgment is GRANTED IN PART and DENIED IN PART. It is further ORDERED that this case be REMANDED to the Commissioner for further action in accordance with this order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

IT IS SO ORDERED.

DATED: April 1, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE